**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NATALIE TOSCANO**<br>Erie, PA 16506<br><br>***Plaintiff,***<br><br>v.<br><br>**AMAZON.COM SERVICES LLC**<br>410 Terry Avenue North<br>Seattle, WA 98109<br><br>***Defendant.*** | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

## I. INTRODUCTION

Plaintiff, Natalie Toscano ("Plaintiff"), brings this action against her former employer, Amazon.com Services LLC ("Defendant"), for discriminating against Plaintiff because of her disability (including history of and regarded as), failing to provide Plaintiff with a reasonable accommodation for her disability, and retaliating against Plaintiff because she sought reasonable accommodations for her disability.

Defendant's unlawful conduct includes subjecting Plaintiff to a hostile work environment, failing to engage in the interactive process, failing to provide Plaintiff with a reasonable accommodation, and terminating Plaintiff for false and pretextual reasons, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

Plaintiff seeks all appropriate relief, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Natalie Toscano, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff currently resides in Erie, PA.

2. At all relevant times, Plaintiff was “disabled” in that she suffered from an impairment, which substantially limited one or more of her major life activities, had a record of impairment and/or was regarded as having such impairment.

3. Plaintiff has been diagnosed with cerebral palsy.

4. Defendant, Amazon.com Services LLC, is a limited liability company engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5. Defendant maintains a fulfillment center located at 1610 Van Buren Road, Easton, PA 18045, where Plaintiff was employed.

6. At all relevant times, Plaintiff primarily worked from Defendant’s Easton, Pennsylvania fulfillment center.

7. At all relevant times, Defendant employed fifty (50) or more employees.

8. At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant’s business.

9. At all relevant times, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

10. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under the ADA and the PHRA.

12. This Court has jurisdiction over Count I (ADA) pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. § 1331.

13. This Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

15. On or about October 3, 2024, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination and retaliation alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's agency complaint (with personal identifying information redacted).

16. On or about July 31, 2026, the EEOC issued to Plaintiff a Determination and Notice of Rights pertaining to Plaintiff's agency complaint. Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice.

17. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

18. Plaintiff was hired by Defendant in or around September 2021.

19. Plaintiff has been diagnosed with cerebral palsy.

20. Plaintiff's symptoms include decreased gross motor functions and decreased fine motor dexterity.

21. At all relevant times, Defendant was aware that Plaintiff was diagnosed with cerebral palsy.

22. Plaintiff initially worked at Defendant's fulfillment center located in West Deptford, New Jersey.

23. On or about October 1, 2023, Plaintiff transferred to Defendant's fulfillment center located at 1610 Van Buren Road, Easton, Pennsylvania.

24. Plaintiff last held the position of Packer or Fulfillment Associate.

25. The position required Plaintiff to lift and pack heavy products.

26. In or about October 2023, Plaintiff began reporting to Viral Patel, Supervisor.

27. In November 2023, in a meeting with Patel, Plaintiff was issued a write-up. The stated reason was that Plaintiff was not working fast enough. Plaintiff's performance did not warrant a write-up.

28. Defendant issued Plaintiff a write-up because of her disability.

29. In or around February 2024, in a meeting with Patel, Plaintiff was issued another write-up. The stated reason was that Plaintiff was not working fast enough. Plaintiff's performance did not warrant a write-up.

30. Defendant issued Plaintiff a write-up because of her disability.

31. In March 2024, in a meeting with Patel, Plaintiff was issued another write-up. The stated reason was that Plaintiff was not working fast enough. Plaintiff's performance did not warrant a write-up.

32. Defendant issued Plaintiff a write-up because of her disability.

33. Later in March 2024, in a meeting with Patel, Plaintiff was issued another write-up. The stated reason was that Plaintiff was not working fast enough. Plaintiff's performance did not warrant a write-up.

34. Defendant issued Plaintiff a write-up because of her disability.

35. During this March 2024 meeting, Plaintiff was visibly upset and stated that she was not able to keep up with the packing rate due to her cerebral palsy. Patel stated that Plaintiff could request an accommodation.

36. On or around March 29, 2024, following the above, via Defendant's electronic portal, Plaintiff requested the reasonable accommodation of a decreased packing rate, lifting and carrying less than forty (40) pounds, and no Power Industrial Trucks work, due to her cerebral palsy, and she submitted medical documentation in connection with the same.

37. Plaintiff was able to perform her job duties and responsibilities with the requested reasonable accommodation.

38. On March 31, 2024, in a meeting with Patel, Plaintiff stated that, due to her cerebral palsy, she had requested the reasonable accommodation of a decreased packing rate, lifting and carrying less than forty (40) pounds, and no Power Industrial Trucks work, and provided him with her medical documentation in connection with the same.

39. During the March 31, 2024, meeting, Plaintiff asked Patel about the status of her accommodation request, and he stated that he did not know but would look into it.

40. Following the above, for one (1) week, Plaintiff was placed on a slower packing line.

41. On or about April 7, 2024, after one (1) week of being assigned to work on the slower packing line, Plaintiff was transferred back to her prior packing line, despite her reasonable

accommodation request.

42. Defendant transferred Plaintiff back to her prior packing line because of her disability and/or her seeking reasonable accommodations for her disability.

43. Following the above, in a meeting with Patel, Plaintiff asked why she was not being accommodated for her disability and why she was removed from the slower packing line. Plaintiff was visibly upset. Patel stated that he did not know.

44. On April 10, 2024, in a meeting with a Human Resources representative, the representative stated that, because Plaintiff was not pregnant, Defendant would not accommodate her.

45. On April 10, 2024, following the above, in a meeting with Patel, a Human Resources representative, and a Manager, Defendant terminated Plaintiff's employment, effective immediately.

46. The stated reasons were Plaintiff's consecutive write-ups and her failure to increase her packing rate.

47. Plaintiff was the only employee, to her knowledge, who was terminated on April 10, 2024.

48. Plaintiff was terminated shortly after informing Defendant of her disability and her need for an accommodation relating to the same.

49. Defendant failed to engage in an interactive process to determine what accommodations were necessary and/or reasonable.

50. Defendant failed to reasonably accommodate Plaintiff for her disability.

51. Defendant failed to reduce Plaintiff's packing rate as a reasonable accommodation for her disability.

52. Defendant terminated Plaintiff's employment because of her disability and/or her seeking reasonable accommodations for her disability.

53. Plaintiff had no opportunity to remain employed with Defendant.

54. Defendant did not offer Plaintiff a downgraded position or a position with reduced pay or any opportunity to remain employed before terminating her employment.

55. Defendant assigned Plaintiff's job duties and responsibilities to nondisabled employees and/or employees who had not sought reasonable accommodations for a disability.

56. After disclosing her disability and seeking a reasonable accommodation for the same, Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than nondisabled employees and employees who had not sought reasonable accommodations for a disability.

57. Defendant subjected Plaintiff to a hostile work environment because of her disability and/or her seeking reasonable accommodations for her disability.

58. Defendant failed to remedy or prevent the disability discrimination and retaliation to which Plaintiff was subjected.

59. Defendant's comments and conduct evidence a bias against disabled employees and employees who seek reasonable accommodations for a disability.

60. The discriminatory and retaliatory conduct of Defendant as alleged herein was sufficiently severe and/or pervasive to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

61. Defendant's disability discriminatory and retaliatory conduct toward Plaintiff has

caused her emotional distress.

62. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**COUNT I - ADA**

63. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

64. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADA.

65. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

66. The conduct of Defendant, as set forth above, was willful, malicious and outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

67. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless this Court grants the relief requested herein.

68. No previous application has been made for the relief requested herein.

**COUNT II - PHRA**

69. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

70. By committing the foregoing acts of discrimination and retaliation against Plaintiff,

Defendant has violated the PHRA.

71. Said violations were intentional and willful.

72. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

73. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

74. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief by:

(a) declaring the acts and practices complained of herein to be in violation of the ADA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(e) awarding damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g) awarding punitive damages to Plaintiff under the ADA;

(h) awarding Plaintiff such other damages as are appropriate under the ADA and the PHRA;

(i) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: October 27, 2026

By: *<u>/s/ Rahul Munshi</u>*
RAHUL MUNSHI, ESQUIRE
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676

*Attorneys for Plaintiff, Natalie Toscano*